FIRST NATIONAL BANK OF TOWNER, NORTH DAKOTA,
Appellant, vs. REED, Respondent.

*February 8—March 8, 1921.*

*Bills and notes: Holder in due course: Pledge: Note redeposited*
*after maturity.*

A note of $800, given as the initial payment on a land contract,
was deposited with the plaintiff to secure a $2,000 note of the
vendor, and after the $800 note became due a new note of
$2,500 executed by a third person was given to the plaintiff
and the $800 note redeposited. *Held,* that the finding of the
court that the $2,000 note was paid by the $2,500 note and that
the title to the $800 note was acquired by its redeposit after
it was due, is sustained by the evidence.

APPEAL from a judgment of the circuit court for Wau-
paca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action to recover on a promissory note.   On the 31st
day of August, 1916, the defendant entered into a contract
with the Alfalfa Valley Land Company of North Dakota
to purchase certain lands in that state.   The contract pro-
vided for a cash payment of $800, which defendant paid by
executing his note for that amount due in thirty days.   It
was agreed that the note should not be negotiated.   He was
to pay $35 per acre for the land, which was incumbered to
the extent of $25 per acre.   It was provided that if the
title was not made merchantable by the vendor the agree-
ment should be void and all payments made pursuant to the
contract should be returned to the defendant.   On the 2d
day of September, 1916, the Land Company deposited said
$800 note with the plaintiff as collateral security for its note
for $2,000 then held by plaintiff.   The $800 note became
due October 1, 1916.   The note of the Land Company, to
secure which the $800 note was deposited as collateral,
became due November 5, 1916.

The R. C. Kittel & Company was a corporation organized
under the laws of the state of North Dakota, composed of

the same stockholders as the Alfalfa Valley Land Company. The R. C. Kittel & Company held a mortgage on all the lands of the Land Company and was to receive a profit from the sale of its lands. One R. C. Kittel was president of both companies.

On the 20th day of November, 1916, the cashier of the plaintiff bank called on the said R. C. Kittel with a view of securing payment or further security of the said $2,000 note of the Land Company. The following transaction was the result of the interview: A new note of the Alfalfa Valley Land Company was executed to the bank in the sum of $2,500 to cover the $2,000 note and its overdraft of $500. The R. C. Kittel & Company also executed its note to the bank for the sum of $2,500, and all of the collateral security then held by the bank to secure the $2,000 note was retained by the bank. A written pledge of security was also executed by the R. C. Kittel & Company, reciting:

"Whereas, the undersigned, R. C. Kittel & Company, a corporation, is indebted to the *First National Bank of Towner, North Dakota,* in the sum of $2,500, due October 1, 1917:

"This is to certify that the said R. C. Kittel & Company, a corporation, has deposited with the obligations evidencing such indebtedness to the *First National Bank of Towner,* as collateral security, the following described notes and bonds, to wit:" [here follows a description of the collateral security, which describes, among others, "note of *Joseph Reed* for $800; note of Alfalfa Valley Land Company for $2,500, together with all mortgages securing said notes," etc.]

The trial court held that at the time plaintiff first took defendant's $800 note, to wit, the 2d day of September, 1916, it knew that it was an earnest-money note and subject to the clause in defendant's land contract to be refunded in case of the inability of the Land Company to give a good title to the land; that the Land Company was unable to give a good merchantable title to the land covered by said contract, and that the said lands were not conveyed to the defendant,

*Joseph Reed;* that said contract had been canceled before the commencement of this action, and that there was no other consideration for the giving of said note; that the $2,000 note of the Land Company, for which the note of the defendant, *Joseph Reed,* was deposited as collateral security, was paid by the note of the R. C. Kittel & Company executed to the bank on or about the 20th day of November, 1916; that to secure the $2,500 note of the R. C. Kittel & Company a new note of the Alfalfa Valley Land Company for $2,500, and other collateral security, including the note of the defendant herein sued upon, was redeposited with the bank as collateral to said $2,500 note of the R. C. Kittel & Company; and as conclusions of law the court found that the plaintiff bank is not a holder in due course of the note which is the subject of this suit and is not entitled to recover thereon. From a judgment in favor of the defendant entered on these findings plaintiff brings this appeal.

For the appellant there was a brief by *Irving P. Lord,* attorney, and *Browne, Browne & Smith,* of counsel, all of Waupaca; and the cause was argued orally by *L. D. Smith.*

For the respondent there was a brief by *Morgan & Benton,* attorneys, and *Morgan & Johns,* of counsel, all of Appleton; and the cause was argued orally by *John Morgan.*

OWEN, J.   The only question in this case is whether the plaintiff bank owns the note in suit as a holder in due course. Whether it took the note as a holder in due course on September 2d is not material, as its present title is not referable to that transaction.

The trial court held that on the 20th day of November, 1916, the original $2,000 note of the Alfalfa Valley Land Company was paid by virtue of the transactions occurring on that day set forth in the statement of facts.   This finding is assailed by appellant on the ground that it is not supported by the evidence.   The appellant contends that the transactions occurring between the cashier of the bank and the

R. C. Kittel & Company on that day amounted to a renewal of the $2,000 note of the Alfalfa Valley Land Company and that the R. C. Kittel & Company note for $2,500 was collateral to the Land Company note,—the note here in suit remaining with the bank as continuing collateral to the indebtedness of the Land Company. Viewing the transaction in the light of ordinary business experience, we think it a natural inference that the purpose of the cashier was to secure either payment of the Land Company indebtedness or further collateral security therefor, and that under ordinary circumstances the Land Company note for $2,500 was merely a renewal of its $2,000 note, enlarged to cover the overdraft, and that the R. C. Kittel & Company note was executed as collateral to the note of the Alfalfa Valley Land Company.

However, R. C. Kittel testified that the note of the R. C. Kittel & Company was given in payment of the Land Company's indebtedness to the bank, including its $2,000 note and $500 overdraft, and that the Land Company note of $2,500, executed on the 20th day of November, was collateral to the said Kittel note. Furthermore, the written pledge of the collateral executed at the time (including the note in suit) is that of the Kittel & Company. The cashier himself testified that "R. C. Kittel & Company's note was given in payment of this $2,000 Alfalfa Valley Land Company note with the overdraft and interest accruing;" although, as the trial judge suggests in his opinion, he, "after manifold urging by attorneys for both plaintiff and defendant—and the court too, for that matter,—did finally say that the $2,500 Alfalfa Valley Land Company note mentioned in the collateral agreement (which note he could not remember on direct examination) was given as renewal of the $2,000 note and the overdraft." After a very careful consideration of the testimony the trial judge concluded that the result of the transaction on November 20th amounted to a payment of the $2,000 Land Company note, and so held. In so holding it would appear that the trial judge accepted

the evidence at its face value, and we cannot say that he was not warranted in so doing. The finding, therefore, must stand. The result is this: The payment of the Alfalfa Valley Land Company note in the manner aforesaid extinguished the title which the bank secured to the note here in suit under the deposit of September 2d. The title which it now has to the note was acquired by virtue of the redeposit thereof made by Kittel & Company after the same became due and is subject to the defense herein interposed. It being conceded that the defense was fully established, if available against the plaintiff, it follows that the judgment dismissing the complaint was proper.

*By the Court.*—Judgment affirmed.